[Circuit Court of Summit County.]

SIMEON CAMERON SMITH v. STATE OF OHIO.

Decided, October Term, 1902.

*Criminal Law—Statutory Provisions in Cases of Felony and Misdemeanor—As to Imprisonment Till Fine and Costs are Paid—Conviction for Abandonment of Child.*

The statutory provision that a convicted person may be imprisoned until his fine and costs are paid applies only to misdemeanors, and where such an error is made a part of the sentence of one convicted of a felony, error will lie to a refusal to eliminate that portion of the sentence.

MARVIN, J.; CALDWELL, J., and HALE, J., concur.

The plaintiff in error was convicted upon an indictment charging him under Section 3140-2, Revised Statutes (94 O. L., 105), with having unlawfully, knowingly, willfully and negligently neglected, refused and failed to provide his child, Rilla Smith, with a proper home, support and care.

After conviction the court pronounced sentence that "the defendant, Simeon Cameron Smith, be confined in the workhouse at Canton, Ohio, for the period of three months, and that he pay the costs of this prosecution and to stand committed until said fine and costs are paid, or he be otherwise legally discharged."

Thereafter there was filed in the court of common pleas a motion by said Smith to modify this sentence by "eliminating that portion of said judgment which orders that the defendant stand committed until the costs of the prosecution are paid, or defendant is otherwise legally discharged." This motion was overruled by the court.

The errors complained of are that the court was without authority of law to pronounce, as a part of the sentence of the prisoner, that he stand committed until the fine and costs were paid, and that the court overruled the motion for a modification of this sentence.

The petition in error is well taken.

The statute (Section 3140-2, Revised Statutes) under which the plaintiff in error was convicted, authorizes punishment "by imprisonment in the penitentiary for not more than three years, nor less than one, or in a county jail or in a workhouse at hard labor for not more than one year, nor less than three months." There is nothing in this section which authorizes the imprisonment of the convicted party until the fine and costs are paid, nor is any authority found in any section of the statute for such imprisonment where one is convicted of a felony. The section under which this conviction was had, in terms, provides that whoever is guilty of the offense charged in the section is guilty of a felony.

Section 6795, Revised Statutes, defines a felony in these words:

"Offenses which may be punished by death or by imprisonment in the penitentiary are felonies; all other offenses are misdemeanors."

Section 7327, Revised Statutes, provides:

"When a fine is the whole or part of a sentence, the court or magistrate may order that the person sentenced shall remain confined in the county jail until the fine and costs are paid, or secured to be paid, or the offender is otherwise legally discharged."

This section is under the caption, "Execution of sentence for misdemeanor." And it seems clear that the sections under this heading are confined to cases of misdemeanor. The language of the several sections, wherever the court is spoken of, is "court or magistrate" or the words "magistrate or court," clearly indicating that the cases to which these several sections apply are those which may be finally disposed of by a magistrate, and do not include cases of felony.

Entertaining these views, we hold that the sentence, in so far as it included imprisonment until the fine and costs were paid, is erroneous, and the court should have granted the motion to modify the sentence in that regard.

The case is remanded to the court of common pleas with the direction that the modification of the sentence be made as herein indicated. The remainder of the sentence is in force as pronounced. The costs of the proceedings in error will be taxed to the defendant in error.

*W. R. Talbot,* for plaintiff in error.

*H. M. Hagelbarger,* Prosecuting Attorney, for defendant in error.